**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOAN FARLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 8:24-cv-2718-PX |
| | * | |
| | * | |
| UNITED STATES SECRETARY | | |
| OF HOUSING URBAN DEVELOPMENT | * | |
| | * | |
| Defendant. | | |

**\*\*\*\*\*\***

**MEMORANDUM ORDER**

Pending is Defendant United States Secretary of Housing and Urban Development ("HUD" or "United States")'s motion to dismiss pro se Plaintiff Joan Farley ("Farley")'s Complaint. ECF No. 14. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court GRANTS the motion to dismiss for lack of jurisdiction.

The Complaint is largely unintelligible, but from what the Court can discern, Farley seeks to prevent HUD's collection of an unspecified "debt" based on an undefined "contract" allegedly procured "through fraud or excusable error." ECF No. 1 at 4. The Complaint asks the Court to "grant the decree and order this rescission bill in equity to annul the contract," or in the alternative, require that HUD "act in honor and deposit the certificated security and collect its proceeds to cover the note and satisfy the mortgage, and if a surplus, it is to be paid to [Farley] and if deficient, it is to be paid by the obligor State."[1]  *Id.* at 5.  HUD moves to dismiss the case for lack of

---

[1] The Complaint also asks the Court to enjoin HUD from "continuing to misrepresent [Farley's] assigned federal employee account as personal identification and creditworthiness;" from using Farley's birth certificate as her

jurisdiction and failure to state a claim.  ECF No. 14.  Farley, in response, maintains that she seeks

only equitable relief for "the restoration of rights, injunctive protection and declaratory relief from

continued interference by federal actors and their agent's attempting foreclosure without lawful

interest."  ECF No. 16 at 1.

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1)

challenges the Court's limited subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); *see United*

*States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).  Whether the Court retains

subject matter jurisdiction must be decided before reaching the merits of the case.  *Jones v. Am.*

*Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).  The "burden of establishing subject

matter jurisdiction is on . . . the party asserting jurisdiction."  *Robb Evans & Assocs., LLC v.*

*Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Lovern v. Edwards*, 190 F.3d 648, 654 (4th

Cir. 1999).  Thus, if "viewing the alleged facts in the light most favorable to the plaintiffs," *Lovern*,

190 F.3d at 654, the complaint fails to aver facts "upon which the court may base jurisdiction," the

court must dismiss the suit.  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  In

ruling on a Rule 12(b)(1) challenge, the Court "may consider evidence outside the pleadings

without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg &*

*Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

HUD principally contends that this Court lacks jurisdiction because the United States is

the proper party in suit and has not waived its sovereign immunity.  ECF No. 14-1 at 4.  Sovereign

immunity protects the United States and its agencies from all lawsuits absent unambiguous waiver

of immunity.  *See Robinson v. United States Dep't of Educ.,* 917 F.3d 799, 801–02 (4th Cir. 2019)

("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in

---

identification; from "hindering or molesting or interfering" with Farley's "rights" to enjoy the "honest service to
negotiable instruments;" and any other relief the Court deems appropriate.  ECF No. 1 at 5.

statutory text . . . and will not be implied.”) (quoting *Lane v. Pena,* 518 U.S. 187, 192 (1996)). *See also Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). The United States rightly points out that Congress has not passed legislation permitting generalized suits against the United States for “bills of equity” such as this one. More to the point, Farley has failed to articulate any theory by which the United States has waived its immunity from suit. *See Robb Evans & Assocs., LLC*, 609 F.3d at 362; *Davis*, 367 F. Supp. 2d at 799. Thus, the case must be dismissed for lack of jurisdiction.[2]

For the reasons stated in the foregoing, it is the 11th day of November 2025, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant United States Secretary of Housing and Urban Development’s Motion to Dismiss (ECF No. 14) is GRANTED;

2. The Complaint (ECF No. 1) is DISMISSED without prejudice;

3. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff; and

4. The Clerk IS FURTHER DIRECTED to CLOSE this case.

November 11, 2025                                                    /s/
Date                                                                          Paula Xinis
                                                                                  United States District Judge

---

[2] Because the Court lacks jurisdiction to hear the case, the matter must be dismissed without prejudice before reaching the merits of the claim. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981). That said, that Court cannot discern any cogent theory of relief if it were to reach the merits. Although the Complaint makes passing reference to bringing a claim under 42 U.S.C. § 1983, that claim would fail because § 1983 only permits suit against state actors, not federal agencies such as HUD. *See D.C. v. Carter,* 409 U.S. 418, 424–25 (1973) (“The statute deals only with those deprivations of rights that are accomplished under the color of the law of ‘any State or Territory.’ It does not reach . . . actions of the Federal Government and its officers[.]”). And if the Court liberally construes the action as a *Bivens* claim, the proper defendants are the “federal officials individually,” but “not the federal government[.]” *Randall v. United States*, 95 F.3d 339, 345 (4th Cir.1996). *See FDIC v. Meyer*, 510 U.S. 471, 484–85 (1994) (rejecting the extension of *Bivens* to federal agencies). The Complaint’s reference to 18 U.S.C. § 242, the criminal counterpart to § 1983, fares no better because this provision does not authorize a private cause of action. *Capps v. Long*, No. 20-6789, 2021 WL 4843568 (4th Cir. Oct. 18, 2021) (unpublished per curiam opinion).