**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**


| | |
|---|---|
| JOAN FARLEY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    Civil Action No. 8:24-cv-2718-PX |
| | * |
| | * |
| UNITED STATES SECRETARY | |
| OF HOUSING URBAN DEVELOPMENT | |
| *et al.*, | * |
| | * |
| Defendant. | |

******

**MEMORANDUM ORDER**

Pending is Plaintiff Joan Farley ("Farley")'s Motion for Reconsideration of the Court's order dismissing the case for lack of jurisdiction. ECF No. 19. When, as here, a party moves for reconsideration within 28 days of the court's decision, the motion is subject to Federal Rule of Civil Procedure 59(e) which allows reconsideration: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

Farley asserts that reconsideration is warranted to avoid manifest injustice because Defendant United States Secretary of Housing Urban Development ("HUD") had waived immunity under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 *et seq.* and because Farley had "raised federal questions under TILA and HUD regulations." ECF No. 19 at 2–3. But

Farley never sued under the APA or the Truth In Lending Act ("TILA").  ECF No. 1.  Nor did she ever raise these arguments in her initial response to HUD's motion to dismiss for lack of jurisdiction.  *See* ECF No. 16 at 1, 3 (contending "equity" compels resolving the case on the merits, and that the "court sitting in equity must offer a remedy for spiritual fraud, clouded title, securitization without consent and emotional and economic harms").  Farley's reliance on the APA and asserted statutory waivers, without more, does not convince this Court that it committed clear error or that a "manifest injustice" occurred.  Fed. R. Civ. P. 59(e).[1]  Accordingly the reconsideration motion is denied, and the motion for leave to file a proposed amended petition is denied as moot.

For the reasons stated in the foregoing, it is the 9th day of July 2026, by the United States District Court for the District of Maryland, ORDERED that:

1.  Plaintiff Joan Farley's Motion for Reconsideration at ECF No. 19 is DENIED;

2.  Faley's Motion For Leave to File A Proposed Amended Petition at ECF No. 20 is DENIED as MOOT;

3.  The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff; and

4.  CLOSE this case.

July 9, 2026
Date

/s/
Paula Xinis
United States District Judge

---

[1] Farley also does not seek reconsideration of the Court's alternative determination that the Complaint failed to state a claim.  ECF No. 19. Accordingly, even if the Court agreed with Farley on the jurisdictional arguments (which it does not), dismissal would nonetheless stand under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 18 n.1.